JIM WHITE CHEVROLET CO., APPELLEE, *v.* PORTERFIELD, TAX COMMISSIONER, APPELLANT.

[Cite as Jim White Chevrolet Co. v. Porterfield (1970), 22 Ohio St. 2d 79.]

(No. 69-595—Decided April 22, 1970.)

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.

80

*Messrs. Shumaker, Loop & Kendrick, Mr. C. C. Scharfy* and *Mr. James F. White, Jr.*, for appellee.

*Mr. Paul W. Brown*, attorney general, and *Mr. George M. Hauswirth*, for appellant.

*Per Curiam.* Ohio levies a sales tax on "each retail sale made in this state." All "sales," as defined in the sales tax statutes, are considered "retail sales" unless the purpose of the consumer in making the purchase is one of those specified in R. C. 5739.01(E).

When the taxpayer purchased each of the cars in ques-

tion from the manufacturer, there was a "sale" within the meaning of that word as defined in R. C. 5739.01(B) (*i. e.*, there was a transaction "by which title or possession, or both, of tangible personal property" was "transferred * * * for a consideration"). However, this "sale" would not be a "retail sale" if the taxpayer's purpose was either "to resell the" automobile involved "in the form in which" it was "received by him" or "to use or consume" it "directly in making retail sales." See R. C. 5739.01(E)(1)(2).

The subsequent exchange of the manufacturer's certificate of origin for an Ohio certificate of title with respect to a particular car would only involve a transfer from the taxpayer to the taxpayer without consideration. It could not come within the definition of "sale" in R. C. 5739.01 (B).

It is not contended in this case that the sale from the manufacturer to the taxpayer was not an Ohio "sale."

In claiming that the sales of these cars were not taxable, the taxpayer and the Board of Tax Appeals in its decision relied upon the portion of R. C. 5739.01(E), which reads:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"(1) To resell the thing transferred in the form in which the same is, or is to be, received by him;

"(2) * * * to use or consume the thing transferred * * * directly in making retail sales * * *."

The categories involved in this appeal are as follows:

Category 2. "Units assigned to personnel who carry licenses, or officers of the corporation (who don't require sales licenses) who actively solicit sales and/or make sales."

Category 3. "Units assigned to retail sales personnel who engage only in selling vehicles."

Category 5. "Units not assigned directly to anyone but kept at sales department to be available to all sales personnel for demonstration."

Category 6. "Units that were assigned to other persons for the purpose of exposure to the public."

It is obvious that the claimed uses made of these cars prevent a reasonable conclusion that thereafter they would be in the same form in which they were received by the taxpayer within the meaning of R. C. 5739.01(E)(1). After such uses, the taxpayer could not offer them for sale as new cars, even though their condition might justify his describing them as like new.

Also, there is insufficient evidence in the record to support a reasonable conclusion that the cars in category 6 were to be used or consumed directly in making retail sales. Hence, to the extent that the board's decision relieved the sales of cars in that category from sales tax, it must be reversed.

However, as to those cars in Categories 2, 3 and 5, there is sufficient evidence to support a reasonable conclusion that the primary use of each, as distinguished from its incidental uses (See *Jewell Companies* v. *Porterfield* [1970], 21 Ohio St. 2d 97, and *Mead Corp.* v. *Glander* [1950], 153 Ohio St. 539, 93 N. E. 2d 19), was to be a use directly in making retail sales.

As pointed out in paragraph one of the syllabus of and the opinion in *Ace Steel Bailing* v. *Porterfield* (1969), 19 Ohio St. 2d 137, 249 N. E. 2d 892, this court is no longer required to weigh the evidence on an appeal from a decision of the Board of Tax Appeals since the appellant can now appeal such a decision to the Court of Appeals. Hence, we have not considered whether the decision of the board relative to cars in categories 2, 3 and 5, is against the weight of the evidence.

*Decision reversed in part and affirmed in part.*

O'Neill, C. J., Schneider, Herbert, Duncan and Corrigan, JJ., concur.*

Matthias, J., not participating.

---

*Chief Justice Taft participated in this case which was, however, decided after his death.