MIAMI CITIZENS NATIONAL BANK & TRUST COMPANY,
APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 76-1080—Decided June 22, 1977.)

250

*Messrs. Gaier, Pratt & Freed* and *Mr. Frederick D. Freed,* for appellant.

*Mr. William J. Brown* attorney general, and *Ms. J. Elaine Bialczak,* for appellee.

O'NEILL, C. J. The decision of the Board of Tax Appeals is affirmed.

The issue presented to this court is whether Miami Citizens' transactions are excepted from the sales tax under the provisions of R. C. 5739.01(B). That statute provides, in pertinent part:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner * * *.* Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element for which no separate charges are made."

The controlling law is set forth in the syllabus of *Accountant's Computer Services* v. *Kosydar* (1973) 35 Ohio St. 2d 120, 298 N. E. 2d 519.

In applying the "real object" test as set forth in the syllabus of *Computer Services, supra,* the Board of Tax Appeals concluded that the true object sought by the taxpayer's customers was the property produced, *i. e.,* the computer program data in printed form. The board consequently held the transactions taxable.

Both parties to the instant action contend that the principles of *Accountant's Computer Services, supra,* as applied to the three cases consolidated in that opinion, are dispositive of the issues herein.

The activities of the appellant are substantially identical to those integrated data processing services considered by this court in *Lindner Bros.* v. *Kosydar* (1976), 46 Ohio

*Effective August 27, 1976, R. C. 5739.01(B) was amended to include the following:

"The transfer of title or possession, or both, of tangible personal property, or the granting of a license to use or consume tangible personal property, by an electronic data processor in conveying the results of the electronic processing of others' data by such processor is not a sale, and the electronic data processor is deemed to be rendering a service."

St. 2d 162, 346 N. E. 2d 690. In that case, American Financial Leasing & Services Co. provided valuable services to a bank in a number of fields, including demand deposits, accounting, savings accounts, commercial loan problems, installment loan problems, problems relating to bond portfolio analysis in the trust department, and the problem of maintaining a proper collateral loan program. This court found the transaction taxable upon the authority of *Citizens Financial Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 148, 331 N. E. 2d 435; *Federated Department Stores* v. *Kosydar* (1976), 45 Ohio St. 2d 1, 340 N. E. 2d 840; and *Accountant's Computer Services, supra.*

This court holds that where a bank uses its management to analyze the business operations of its client correspondent banks and devises programs which organize information taken from clients' records and provide the client with the organized information in computer print-out forms, which reports are necessary to make informed management, operational, auditing, marketing and other business decisions, the true object of the transactions as shown by the record is the receipt of the printed form which contains the computer organized data and therefore such transactions constitute sales of tangible personal property pursuant to R. C. 5739.01(B).

The decision of the Board of Tax Appeals is, therefore, affirmed.

*Decision affirmed.*

HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

PAUL W. BROWN, J., dissenting. I dissent for the reasons given in my dissenting opinions in *United States Shoe Corp.* v. *Kosydar* (1975), 41 Ohio St. 2d 68, at page 73, and *Citizens Financial Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 148, at page 151.