FINANCIAL COMPUTER SERVICES, INC., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

(No. 81-968—Decided June 23, 1982.)

*Spieth, Bell, McCurdy & Newell Co. L.P.A., Mr. Sterling Newell, Jr.,* and *Mr. James M. Havach,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellee.

*Per Curiam.* The primary issue herein is whether the transactions in question are exempt from taxation by virtue of R. C. 5739.01(B). At the time of the transactions, R. C. 5739.01(B) provided, in part, that:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever; * * *. Other than as provided in this section, 'sale' and 'selling'

do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

Appellant contends that the transactions sought to be taxed were personal service transactions which involved a transfer of tangible personal property as an inconsequential element thereof. The basis for appellant's argument is that even though it produced computer reports for its clients, the true object of its clients was to obtain appellant's advisory and analytical services.

In *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120, we held:

"1. In determining whether a 'sale' of tangible personal property may be excepted from the sales tax by the last sentence of R. C. 5739.01(B), the proper test is to determine whether the transaction involves a consequential or inconsequential professional, insurance, or personal service. If the service rendered is inconsequential, the exception is not available and the *entire* transaction is taxable. If a consequential service *is* rendered, then it must be ascertained whether the transfer of the tangible personal property was an inconsequential element of the transaction. If so, then none of the consideration paid is taxable.

"2. In determining whether a mixed transaction constitutes a consequential personal service transaction, a distinction must be made as to the *true object* of the transaction contract; that is, is the real object sought by the buyer the service *per se* or the property produced by the service." (Emphasis *sic.*)

In support of its position herein appellant basically argues that its employees, being knowledgeable in the areas of systems design, banking and accounting, review a client's banking practices and attempt to prepare for the future, as well as the immediate, needs of such clients. Appellant also points out that it provides "management consulting" services and not merely computer services.

It is axiomatic that the appellation by which appellant is known, or the manner in which appellant describes itself, has

no logical nexus to the question of whether the instant transactions are taxable or nontaxable.

While it is clear that appellant renders a consequential personal service for its clients, it is equally clear that our inquiry does not cease at that point. We must next ascertain whether the transfer of the tangible personal property was an inconsequential element of the transaction.

In determining this issue, the Board of Tax Appeals held, "[g]iving consideration to the totality of the evidence, * * * [we conclude] that the true and foremost objective of appellant's customers is to receive the tangible personal property of written computer reports of processed data. * * *"

We have held that "[w]hether a customer's true object is a service or property is a question of fact. * * * This court traditionally does not substitute its judgment on factual issues for that of the Board of Tax Appeals, and we will not overrule a factual determination by the board unless the record reveals that the determination was unreasonable or unlawful." *Servi-Clean Industries* v. *Collins* (1977), 50 Ohio St. 2d 80, 86. Likewise, "* * * this court's statutorily mandated duties in reviewing a decision of the board are limited to determining whether the board's decision is reasonable and lawful, and not to act as a trier of fact *de novo*." *3535 Salem Corp.* v. *Lindley* (1979), 58 Ohio St. 2d 210, 212. We have thoroughly reviewed the record herein and find the board's decision to be supported by the evidence. Therefore, we cannot hold that as a matter of law the board's decision was unreasonable or unlawful.

Appellant also asserts that the commissioner is estopped from making the levy at issue herein. In 1972, the commissioner made a sales and use tax assessment against one of appellant's largest customers, Sylvania Savings Bank Co. The assessment related to taxes due as a result of the customer's purchases from appellant. The customer petitioned for reassessment and after a hearing, the commissioner cancelled the assessment. Appellant argues that if a transaction is excepted from the sales tax as to the customer, it is also excepted as to the vendor. It is appellant's contention that the assessment was cancelled because the transaction was found to be nontaxable by virtue of the "true object" test.

This argument is without merit. First, the record is devoid

of any evidence showing the basis for the commissioner's decision in the Sylvania Savings matter. Second, and of more importance, we do not view the doctrine of collateral estoppel as being applicable under the facts of this case. See *Superior's Brand* v. *Lindley* (1980), 62 Ohio St. 2d 133.

For the foregoing reasons the decision of the Board of Tax Appeals is hereby affirmed.

*Decision affirmed.*

SWEENEY, Acting C. J., STEPHENSON, VICTOR, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for CELEBREZZE, C. J.

VICTOR, J., of the Ninth Appellate District, sitting for W. BROWN, J.