STATISTICAL TABULATING CORPORATION, APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Statistical Tabulating Corp. *v.* Lindley (1983), 3 Ohio St. 3d 23.]

(No. 82-248—Decided March 2, 1983.)

*Skidmore, Hall & Marco Co., L.P.A.,* and *Mr. Richard J. Marco,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* The issue raised by this appeal is whether the transactions involved are sales subject to tax as defined by R.C. 5739.01(B), which provides in part:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever; * * *. Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or personal service transactions which in-

volve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."[1]

In *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120 [64 O.O.2d 72], we set forth the criteria to be used in determining whether a mixed transaction involving both personal services and the transfer of personal property falls within the exception contained in the last sentence of R.C. 5739.01(B), and held at paragraphs one and two of the syllabus:

"1. * * * If the service rendered is inconsequential, the exception is not available and the *entire* transaction is taxable. If a consequential service *is* rendered, then it must be ascertained whether the transfer of the tangible personal property was an inconsequential element of the transaction. If so, then none of the consideration paid is taxable.

"2. In determining whether a mixed transaction constitutes a consequential personal service transaction, a distinction must be made as to the *true object* of the transaction contract; that is, is the real object sought by the buyer the service *per se* or the property produced by the service." (Emphasis *sic*.)

Therein, and in later cases applying this test where data processing services were concerned, we held that if the company supplied the print-outs for the customer to use in making management decisions or other purposes, the print-outs are not deemed inconsequential. *Id.* at 132-134; see, also, *Miami Citizens National Bank* v. *Lindley* (1977), 50 Ohio St. 2d 249, 252 [4 O.O.3d 427].

The Board of Tax Appeals was "* * * not persuaded by the testimony and other evidence presented that the written material produced by the appellant was an 'inconsequential element' of the transactions." It found that "[t]he true object of the transaction was the receipt of the written reports, documents, and payroll checks, and as such, taxable." Appellant urges this court to overrule the board's factual determination.

" '* * * This court traditionally does not substitute its judgment on factual issues for that of the Board of Tax Appeals, and we will not overrule a factual determination by the board unless the record reveals that the determination was unreasonable or unlawful.' *Servi-Clean Industries* v. *Collins* (1977), 50 Ohio St. 2d 80, 86 [4 O.O.3d 199]." *Financial Computer Services* v. *Lindley* (1982), 70 Ohio St. 2d 243, 245 [24 O.O.3d 336].

With this standard of review in mind, we find sufficient evidence in the record to support the board's determination that the written materials supplied by appellant to its customers were not an inconsequential element of the transaction.

The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is hereby affirmed.

*Decision affirmed.*

---

[1] Subsequent to the audit period herein, R.C. 5739.01(B) was amended, and this opinion does not address the amendment.

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

J. P. CELEBREZZE, J., not participating.