UNION CENTRAL LIFE INSURANCE CO., APPELLANT, v. LINDLEY, TAX COMMR., APPELLEE.

[Cite as Union Central Life Ins. Co. v. Lindley (1984), 12 Ohio St. 3d 80.]

(No. 83-1679—Decided July 11, 1984.)

*Messrs. Frost & Jacobs, Mr. Dennis J. Barron* and *Mr. Larry H. McMillin,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James C. Sauer,* for appellee.

*Per Curiam.* The issue presented is whether the specific transactions between appellant and EDS are subject to a use tax under R.C. 5741.02. We hold that the ruling of the Board of Tax Appeals was reasonable and lawful as to that portion of the assessment which concerned the development of programs, computer time, and use of equipment. However, the expenditures for systems modifications and magnetic tape are not subject to taxation under the laws of this state.

R.C. 5741.02 authorizes the levy of a use tax on the storage, use, or other consumption of tangible personal property which, if purchased in Ohio, would be a sale subject to sales tax under R.C. Chapter 5739. Thus, in order to initially determine whether the use tax assessment was valid in the case *sub judice,* we must look to the definition of "sale" within R.C. Chapter 5739.

At the time of the assessment, R.C. 5739.01(B) stated in pertinent part:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever; * * *. Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."[1]

Appellant contends that the business dealings sought to be taxed were personal service transactions which involved a transfer of tangible personal property as an inconsequential element thereof. We reject this argument.

In *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120 [64 O.O.2d 72], this court had the opportunity to thoroughly interpret R.C. 5739.01(B). In adjudicating whether a "sale" of tangible personal property may be excepted from sales tax under the statute, we held the proper test is to determine whether the transaction involves a consequential or inconsequential professional, insurance, or personal service. If a consequential service is rendered, then it must be ascertained whether the transfer of tangible

---

[1] This statute has subsequently been amended to include the rendering of automatic data processing and computer services within the definition of "sale." R.C. 5739.01(B)(3)(e).

personal property was an inconsequential element of the transaction. *Id.* at paragraph one of the syllabus.

We further ruled in *Accountant's Computer, supra,* that to resolve whether a mixed transaction constitutes a consequential personal service transaction, a determination must be made as to the true object of the contract. Specifically, it must be adjudged if the true object sought by the buyer was the service or the property produced by the service. *Id.* at paragraph two of the syllabus. See, also, *Financial Computer Services* v. *Lindley* (1982), 70 Ohio St. 2d 243 [24 O.O.3d 336]; *Citizens Financial Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 148 [72 O.O.2d 83].

It is not questioned that consequential services were rendered in the case at bar. However, the use of terminals, printers, and operation manuals were substantially more than inconsequential elements of the contract. Union Central would not have the benefit of the programs designed by EDS if its employees did not have the equipment necessary to gain access to the system. The programs would simply be of no value to appellant without the equipment. Therefore, we find that such tangible personal property, if purchased in Ohio, would be a sale subject to sales tax under R.C. Chapter 5739.

Appellant also contends that because the computer is located in Texas and communication is effected through interstate phone lines, the use tax is prohibited by R.C. 5741.02(C)(3) and Section 8, Article I of the United States Constitution.

R.C. 5741.02(C) at the time of the assessment provided in part:

"The tax does not apply to the storage, use, or consumption in this state of the following described tangible personal property, nor to the storage, use, or consumption in this state of tangible personal property purchased under the following described circumstances:

"* * *

"(3) Property, the storage, use, or other consumption of which this state is prohibited from taxing by the constitution of the United States, laws of the United States, or the constitution of this state. This exemption shall not exempt from the application of the tax imposed by this section the storage, use, or consumption of tangible personal property which was purchased in interstate commerce, but which has come to rest in this state * * *."

Section 8, Article I of the United States Constitution grants Congress the exclusive power to regulate commerce among the states and thereby prohibits a state from imposing a direct burden on interstate commerce. However, we have recognized that the provision is not an absolute bar to state taxation which has merely an incidental effect upon interstate commerce.

In *Federal Paper Board Co.* v. *Kosydar* (1974), 37 Ohio St. 2d 28, 32 [66 O.O.2d 82], the court stated that "[s]tate use tax statutes have been consistently upheld by the United States Supreme Court in their application to tangible personal property where the property was carried into the taxing

state, and there brought permanently to rest, or halted temporarily before resuming its interstate course or usage. *Scripto* v. *Carson* (1960), 362 U.S. 207; *General Trading Co.* v. *State Tax Comm.* (1944), 322 U.S. 335; *Nelson* v. *Sears, Roebuck & Co.* (1941), 312 U.S. 359; *McGoldrick* v. *Berwind-White Mining Co.* (1940), 309 U.S. 33; *Felt & Tarrant Mfg. Co.* v. *Gallagher* (1939), 306 U.S. 62; *Pacific Telephone & Telegraph Co.* v. *Gallagher* (1939), 306 U.S. 182; *Southern Pacific Co.* v. *Gallagher* (1939), 306 U.S. 167; *Henneford* v. *Silas Mason Co.* (1937), 300 U.S. 577." See, also, *Beatrice Foods Co.* v. *Lindley* (1982), 70 Ohio St. 2d 29 [24 O.O.3d 68].

It is also established that the assessment of a use tax is valid under the Commerce Clause where the property in question has temporarily come to rest in the jurisdiction and the taxpayer has exercised some right of ownership over the property. *Federal Paper Board Co., supra,* at 34-35; *Southern Pacific Co., supra; Henneford, supra; Tri-City Broadcasting Co.* v. *Bowers* (1959), 169 Ohio St. 126 [8 O.O.2d 118].

Appellant relies on *General Data Corp.* v. *Porterfield* (1970), 21 Ohio St. 2d 223 [50 O.O.2d 468], in support of its argument that the computer system herein was used in interstate commerce. In that case the court held that a use tax levied on the rental of computer terminals installed in motels for use in an international reservation system was prohibited by Section 8, Article I of the United States Constitution. However, in so holding, this court at 228 noted that the use tax was assessed on a rental charge for utilization of the reservation system rather than the terminals. Thus, the tax was not levied on the property which came to rest in this state, but on the rental charges therefor.

In the case *sub judice,* the terminals and other items which comprise the base charge were not used to further interstate commerce and the tax was not assessed on the utilization of the system as in *General Data Corp., supra.* These items were used for Union Central's business which is limited to Ohio. Furthermore, the terminals, upon arrival and installation, were at rest in Ohio and put to use solely in this state. Therefore, we hold that the base charge for the development of programs, computer time, and use of equipment was a transaction subject to use tax.

While we affirm the decision of the Board of Tax Appeals as to the base charge, we must reverse that portion of the board's ruling which relates to the systems modification requests and magnetic tape. The latter charges did not include any transfer of property to Ohio. The modification requests were for the design of program changes which was purely a service. Any tangible product which resulted from such requests would be limited to the device used for recording the program which is located in Texas. Similarly, the magnetic tape did not reach Ohio as it was used only in Texas.

Based on the foregoing, the decision of the Board of Tax Appeals is affirmed in part and reversed in part.

*Decision affirmed in part and reversed in part.*

CELEBREZZE, C.J., O'NEILL, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for W. BROWN, J.