OPINION
{¶ 1} This is an appeal from a judgment of the court of common pleas in an action brought pursuant to R.C Chapter 2506, affirming a decision to deny a conditional use permit authorized by a local zoning code.
 {¶ 2} Appellants, collectively, own and/or intend to operate a limestone quarry on land in Union Township. The township is subject to the Miami County Zoning Resolution ("MCZR"). The MCZR authorizes operation of a quarry in an A-2 (agricultural use) district as a conditional use. Requests for conditional use are heard and determined by the Miami County Board of Zoning Appeals ("BZA"), Appellee herein.
 {¶ 3} Appellants sought a conditional use permit to operate the proposed quarry. The MCZR establishes nine criteria the BZA must consider. Hearings were held, and the BZA subsequently found that three of the criteria were not satisfied by Appellants. The BZA denied the conditional use permit.
 {¶ 4} Appellants filed an appeal to the court of common pleas pursuant to R.C 2506.01. The trial court granted Linda Howard's motion to intervene. Upon consideration of the whole record and the briefs submitted, the court affirmed the decision of the BZA. This appeal followed.
 {¶ 5} Assignment of Error
 {¶ 6} "Whether the trial court abused its discretion when it concluded that preponderance of reliable, probative and substantial evidence supported the decision of the miami county board of zoning appeals (the "Board" or "BZA") to deny appellant a conditional use permit."
 {¶ 7} The ground into which Appellants scatter the seeds of their contention has been well and thoroughly ploughed.
 {¶ 8} R.C. 2506.04 authorizes the common pleas court to reverse, vacate or modify an order appealed pursuant to R.C. 2506.01 only if the court finds that it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the record as a whole." When performing its review, the court must presume that the determination appealed is reasonable. Community of Concerned Citizens v. Union Township
(1993), 66 Ohio St.3d 452. The court may not substitute its judgment for the judgment of the board, officer or agency that made the decision.Kisil v. Sandusky (1984), 12 Ohio St.3d 80.
 {¶ 9} In deciding whether the decision appealed is unsupported by the preponderance of substantial, reliable, and probative evidence, the trial court necessarily evaluates the probative value of evidence on which the decision and the particular conclusions it involves was based. That is not the function of an appellate court when it is asked to review the trial court's decision. Our review is limited to questions of law. HealthManagement Inc. v. Union Township BZA (1997), 118 Ohio App.3d 281. An appeal on questions of law includes review of a cause on weight and sufficiency of the evidence. R.C. 2505.01(A)(2). However, we may reverse on those grounds only if we find that the trial court abused its discretion. Lorain City School Dist. Bd. of Edn. v. State EmployeesRelation Bd. (1988), 40 Ohio St.3d 257.
 {¶ 10} "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
 {¶ 11} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result."AAAA Enterprises v. River Place Community (1990), 50 Ohio St. 3d 157, 161.
 {¶ 12} We cite the abuse of discretion standard in AAAA Enterprises
for two reasons. First, it likewise involved a land-use issue and a quasi-judicial finding, in that instance that the property was in a "blighted" area. Second, Appellants' argument, while presenting multiple contentions, amounts to a claim that the trial court's decision was unreasonable. We do not agree.
 {¶ 13} The BZA was, as we have said, required to address nine separate criteria set out im the MCZR in deciding whether to grant or deny the conditional use permit. Its findings on all but three would support Appellants' request. The BZA's three negative findings were:
 {¶ 14} "3. The Applicant has complied with Section 21.11(C)(3) in that the proposed mineral, soil, and or gravel extraction use will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity, but the Applicant has failed to comply with that Section in that the Applicant has failed to demonstrate that the proposed use will not change the essential character of the area.
 {¶ 15} "4. The Applicant has not complied with Section 21.11(C)(4)of the Miami County Zoning Code in that the Applicant has failed to demonstrate that the proposed mineral, soil, and/or gravel extraction use will not be hazardous or disturbing to existing and/or future neighboring uses;
 {¶ 16} "7. The Applicant has not complied with Section 21.11(C)(7) of the Miami County Zoning Code in that the proposed mineral, soil, and/or gravel extraction use will involve uses, activities, processes, material, equipment, and conditions of operation that are detrimental to any persons, property, or the general welfare by reason of excessive production of noise, smoke, fumes, but not by reason of the excessive production of traffic, glare, or odors."
 {¶ 17} The trial court rejected Appellant's contentions that these findings were unreasonable. Appellants argue that the trial court abused its discretion in at least three general respects.
 {¶ 18} First, Appellants argued that the BZA's finding number 3 is inherently inconsistent, because if its proposed use would be "harmonious and appropriate in appearance with the existing or intended character of the general vicinity," then, necessarily and by definition, Appellants could not have "failed to demonstrate that the proposed use will not change the essential character of the area," as the BZA also found.
 {¶ 19} Appellants point out that the BZA found that the proposed quarry did not "diverge or conflict with the general objectives enunciated as part of any comprehensive plan and/or the Miami County Zoning Code." (Journalized Conclusions of Fact and Decision of the Board of Zoning Appeals, No. 2).
 {¶ 20} The trial court addressed Appellant's claim, stating: "`Appearance' refers to the outward look or aspect of a person or thing. Webster's New Universal Unabridged Dictionary 101 (1996). The appearance of a use is the outward look of the use. `Character' is defined as `the aggregate of features and traits that forms the individual nature of some person or thing.' Id. at 346. `Essential' means that which is `absolute necessary; indispensable.' Id., at 663. The `essential character' of a use is that feature or trait which is absolutely necessary, or indispensable to the nature of the use. The `appearance' of a use is distinct from its `essential character.' The BZA was satisfied that Wagner would design, construct, operate and maintain the proposed facility in a manner intended to be harmonious and appropriate. However, the BZA also found that Wagner's best efforts and intentions would be insufficient to avoid change in the essential character of the area. The Court finds that it is not illogical for the BZA to conclude that, although the proposed use may have an appearance that is appropriate to the area, the essential character of the proposed use is not appropriate to the surrounding area." (Decision, Order and Entry, p. 9).
 {¶ 21} The trial court's analysis reasonably resolved and rejected Appellants' inconsistency claim. We find no abuse of discretion.
 {¶ 22} Appellants' second abuse of discretion claim involves the trial court's findings concerning the evidence relevant to three issues of fact before the BZA: (1) whether blasting at the quarry site would adversely affect the health and safety of the community, (2) whether emissions from the site would adversely affect the health and safety of the community, and (3) whether dewatering of the area will result in irreparable damage.
 {¶ 23} Appellants do not deny that their operation of the proposed quarry would involve periodic blasting and production of emissions. Neither do they deny that dewatering, a lowering of the water table, would result. Rather, they claim that the adverse effects of these matters are either negligible or would be effectively managed and controlled by regulatory requirements imposed by public agencies pursuant to law and by other operating procedures Appellants would adopt.
 {¶ 24} The trial court carefully evaluated the evidence before the BZA with respect to this matter. The BZA heard testimony from Derek Novotny, a blaster certified by the State of Ohio, that vibration caused by blasting is expected to be less than 0.5 inches per second, the minimum required to avoid structural damage to nearby buildings. (Tr. p. 234). However, Novotny conceded that people nearby likely will feel the vibrations caused by blasting. (Tr. p. 232). Furthermore, the BZA also heard testimony that because blasting will occur over the entire site, it may be felt on adjacent property owned by Rebecca Farley.
 {¶ 25} Appellant also offered testimony of Dr. Angelo Camponella, an acoustic engineer, who conducted a study to determine the level of noise generated by the crusher, equipment used to break larger pieces of limestone into smaller pieces, and found that it would be "noticeable and apparent, but not objectionable." (Tr. 285-293). His opinion was attacked by Warren High, an environmental scientist who testified that Camponella's study employed a model based on date for crushing concrete, a material much softer than limestone, and would be expected to create less noise. (Tr. 398-401).
 {¶ 26} Finally, the BZA heard testimony from Dave Sugar, who conducted a hydrologic survey of the proposed quarry. He found that, while the water level in some local wells would be lowered, quarry operations would not cause any irreparable harm to the groundwater system. (Tr. 48-49), 114). However, the BZA also heard testimony from Stanley Johnson, a hydrologic engineer, who said that the quarry operation would increase storm water run-off and erode the watercourses that pass through adjacent properties. (Tr. 404-406).
 {¶ 27} As to each of the factual issues presented, the court found that the probative value of the evidence which Appellants offered was undermined by contradictory evidence presented by opponents of the request for a conditional use permit. On that basis, the court found that the BZA's denial of the permit was reasonable and supported by a preponderance of the substantial, reliable, and probative evidence presented. R.C. 2506.04.
 {¶ 28} On appeal, Appellants renew their argument in the trial court concerning the probative value of the evidence before the BZA. We find that, in holding the BZA's decision was reasonable and supported by a preponderance of the evidence properly before it, the trial court did not abuse its discretion.
 {¶ 29} Third, and finally, Appellants attack the BZA's finding numbered seven, which found that the proposed quarry's operation will involve activities and consequences "detrimental to any persons, property, or the general welfare by reason of excessive production of noise, smoke, (and) fumes . . ."
 {¶ 30} Counties are authorized by R.C. 303.02 to adopt comprehensive plans regulating land use in unincorporated areas "[f]or the purpose of promoting the public health, safety, and morals." Townships are afforded a like authorization by R.C. 519.02. The MCZR provides that, in order to grant a conditional use permit, the BZA must find that the proposed use "[w]ill not involve uses, activities, processes, materials, equipment and conditions of operation that will be detrimental to any persons, property, or the general welfare by reasons of excessive production of traffic, noise, smoke, fumes, glare, or odors."
 {¶ 31} Appellants argue that the MCZR and the finding which BZA made exceed the authority conferred by R.C. 303.22 by adding a broad "general welfare" criteria to the more limited "public health, safety, and morals" criteria in the statute. We agree that the MCZR is overly broad in that respect, and we urge the Board of Commissioners to amend it to excise the general welfare criteria. However, we are concerned only with the trial court's affirmance of the BZA's order denying the conditional use permit.
 {¶ 32} The BZA heard testimony, discussed above, concerning the health impact of vibrations, noise, erosion, and a reduction of groundwater capacity. There was ample evidence from which the BZA could find that the proposed quarry would be detrimental to persons and/or property by reason of those consequences, all of which are detrimental to the public health or safety. R.C. 303.02.
 {¶ 33} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. and Wolff, J., concur.