IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 11, 2009 Session

## CAO HOLDINGS, INC. v. LOREN L. CHUMLEY, COMMISSIONER OF REVENUE, STATE OF TENNESSEE

**Appeal from the Chancery Court for Davidson County**
**No. 06-719-II    Carol L. McCoy, Chancellor**

---

**No. M2008-01679-COA-R3-CV - Filed May 27, 2009**

---

FRANK G. CLEMENT, JR., J., dissenting.

I respectfully disagree with the majority's conclusion that CAO is entitled to the exemption under Tenn. Code Ann. § 67-6-102(34)(A) (2006). My differing conclusion arises from my belief that the Commissioner established that CAO Holdings, Inc. ("CAO") was subject to the use tax at issue and that CAO failed to establish it was entitled to the exemption.

The use tax at issue is imposed on any dealer who brings tangible personal property into Tennessee for use in Tennessee. Tenn. Code Ann. § 67-6-201; Tenn. Code Ann. § 67-6-210. One who does not pay a sales tax, but who purchases tangible personal property for the purpose of leasing it is exempt from the use tax under Tenn. Code Ann. § 67-6-102(34)(A) and (36)(A). In order for an out-of-state purchase to be treated as one for resale, the purchaser must strictly follow statutory and regulatory requirements, two of which are the purchaser must "actually lease or resell the item" and the purchaser must not make use of the item before such "sale." *See* Tenn. Comp. R. & Regs. 3120-5-1-.32, -.62, -.63 and -.68.

If the Commissioner establishes that the taxpayer is subject to the tax, the burden of persuasion shifts to the taxpayer, in this case CAO, to prove it is entitled to the exemption, *see Sodexho Mgmt. v. Johnson*, 174 S.W.3d 174, 177 (Tenn. Ct. App. 2004); *Prodigy Services Corp. v. Johnson*, 125 S.W.3d 413, 416 (Tenn. Ct. App. 2003); *Jack Daniel Distillery, Lem Motlow, Prop. v. Johnson*, 740 S.W.2d 413, 416 (Tenn. 1987)), and there is a presumption against exemptions. *Id.* (citing *Kingsport Publ'g Corp. v. Olsen*, 667 S.W.2d 745, 746 (Tenn. 1984)).

CAO was incorporated for the stated purpose of purchasing an airplane, its sole asset. CAM Management, Inc. ("CAM") was incorporated on the same day for the stated purpose of managing and leasing CAO's airplane to third parties via time-sharing agreements. The two entities were

incorporated by the same individual, the shares are solely owned by the same individual, and that person is the president of both entities. CAO states that the purpose of the leasing arrangement was to isolate potential liability to CAM while facilitating a time-sharing business, which would offset the cost of the airplane.

On the day CAO purchased the airplane, CAO and CAM signed what is identified as a "Non-Exclusive Aircraft Lease Agreement" (hereinafter the "lease"). Mr. Clayton, the president of both CAO and CAM, signed the agreement on behalf of each entity. The lease states that CAM will pay a "dry lease" rate of $550 per flight hour of use. The lease also states that rent was payable annually and CAO was responsible for collecting and remitting sales tax for all rental revenue generated under the lease. Further, the lease states that CAM's possession of the airplane was subject to "use by [CAO], and may also be subject to non-exclusive lease to others. . . ." CAO also retained the right, in CAO's sole discretion, to "approve or deny" any flight scheduling by CAM and CAO's rights to the use of the airplane were superior. In this regard, the lease states, "[n]otwithstanding anything in this Agreement to the contrary, any rights [CAM] may have in or to the Aircraft by virtue of this Agreement, including [CAM]'s rights to possession and use of the Aircraft, are in all respects subordinate, junior, and subject to [CAO]'s rights and interests."

The Department contends, *inter alia*, that the lease was invalid because it did not give CAM exclusive possession or control of the airplane. In making this argument, the Department relies heavily on *Laurel Transportation, Inc. v. Zaino, Tax Commr.*, 92 Ohio St.3d 220, 749 N.E.2d 296 (2001). Although I do not fully agree with the Department's contention that the lease was invalid merely because it did not give CAM exclusive possession or control of the aircraft, I do find the reasoning in *Laurel* persuasive. In *Laurel*, the Supreme Court of Ohio upheld the Ohio Tax Commissioner's assessment of Laurel for a use tax based on the purchase of the airplane at issue, reasoning that: "[w]hile users could determine when and where they wanted to travel, Laurel provided the transportation service that took them. Laurel controlled the aircraft by contracting with Wings to fly the aircraft," and Laurel "owned the equipment and furnished the operator, thus remaining in possession and control of the equipment." *Id.* at 298. CAO's control of the airplane at issue here is not as absolute as in *Laurel*; nevertheless, CAO retained control that is so pervasive it undermines CAO's contention that leasing was the primary purpose for which the airplane was held.

The regulations require that where "leasing" the property serves as the applicable "resale," "leasing" must be the "primary purpose" for which the property is held, and if "leasing" is not the primary purpose for which the property is held, the taxpayer will be subject to the use tax. *See* Tenn. Comp. R. & Regs. 1320-5-1-.32(3); Tenn. Ltr. Rul. 07-32; Op. Tenn. Att'y. Gen. No. 84-213, 1984 WL 186305, at *2 (1984). The primary *use* of personal property will control for taxability purposes over the stated purpose. Op. Tenn. Att'y. Gen. No. 84-213, 1984 WL 186305, at *2 (1984) (emphasis added). As the court in *Fliteways, Inc. v. Lindley*, 65 Ohio St.2d 21, 417 N.E.2d 1371 (1981) stated, in determining whether the purchaser shall incur sales tax on its acquisition of an aircraft, the court looks to the purchaser's primary use of the property as an indication of the purpose.

The flight log reveals that CAO was the primary user of the airplane, not CAM. The flight log also repeatedly identified the "operator of aircraft" as CAO, not CAM. These undisputed facts undermine CAO's contention that the primary purpose was "leasing."

As stated above, in an action challenging the assessment of sales and use taxes, the Commissioner bears the initial burden of proving that the taxpayer is subject to the sales or use tax at issue, but once the Commissioner carries that burden, the burden of persuasion shifts to the taxpayer. *See Sodexho Mgmt.*, 174 S.W.3d at 177; *Prodigy Services Corp.*, 125 S.W.3d at 416)*; Jack Daniel Distillery,* 740 S.W.2d at 416. There is a presumption against exemptions, *Kingsport Publ'g Corp.*, 667 S.W.2d at 746, and in my opinion, CAO failed to overcome the presumption against the exemption at issue.

_____
FRANK G. CLEMENT, JR., JUDGE