270

CREDIT BUREAU OF MIAMI COUNTY, INC., APPELLANT, *v.* COLLINS, TAX COMMR., APPELLEE.

(No. 76-902—Decided June 22, 1977.)

Messrs. Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach and Mr. Kenneth D. Beck, for appellant.

Mr. William J. Brown, attorney general, and Mr. Ronald Noga, for appellee.

O'NEILL, C. J. The decision of the Board of Tax Appeals is reversed.

The issue which this court must determine is whether the transfer of a written credit report is excepted from the Ohio sales tax pursuant to the provisions of R. C. 5739.01(B).

During the period of the commissioner's assessment, R. C. 5739.01(B) provided, in pertinent part, as follows:

" * * * Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or *personal service transactions* which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made." (Emphasis added.)

In deciding this issue, this court must determine whether the transaction involves an inconsequential transfer of personal property; otherwise, the exception is not available and the entire transaction is taxable. *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120, 298 N. E. 2d 519; *Spray Wax Car Wash* v. *Collins* (1976), 46 Ohio St. 2d 164, 346 N. E. 2d 696; *Federated Department Stores* v. *Kosydar* (1976), 45 Ohio St. 2d 1, 340 N. E. 2d 840; *Citizens Financial Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 148, 331 N. E. 2d 435. In the light of those cases, this court must examine the real object sought by the buyer, i. e., the service *per se* or the property produced by the service, and determine if it was the buyer's object to obtain an act done personally by an individual as an economic service involving either the intellectual or manual personal effort of an individual, or if it was the buyer's object to obtain the salable end product of some individual's skill.

In the instant case the board held that when a written

credit report was transferrd to a customer, the true object of the transaction was not the acquisition of the appellant's personal services, but the receipt of the appellant's credit report. The board was influenced by the apparent similarities of the appellant's activities with those of the taxpayer (ACS) in *Accountant's Computer Services, supra,* case No. 72-263. As with ACS, the taxpayer, in the opinion of the board, collected, classified, and rearranged raw data that proved useful to a particular group of clients. In addition, the board stated that, since appellant's activities failed to include any "analysis" of the information collected or any "thinking" as applied to its customers' business problems, appellant's services were similar to the data processing transactions that this court found taxable in *Accountant's Computer Services, supra,* and *Citizens Financial Corp.* v. *Kosydar, supra.* (See, also, *Lindner Bros.* v. *Kosydar* [1976], 46 Ohio St. 2d 162, 346 N. E. 2d 690.)

Challenging the board's conclusions, appellant contends that where the entire operation of a consumer reporting agency, including both the assembling and recording of credit information with respect to consumers and the preparation of both oral and written credit reports communicating credit information for a monetary fee to those legally entitled to receive such, is personally performed by employees of the agency, the communication of such information constitutes "personal service transactions" within the purview of R. C. 5739.01(B). The delivery, by mail or otherwise, appellant continues, of pieces of paper on which such written consumer reports are prepared, even if considered as involving a transfer of "tangible personal property" under the provisions of R. C. 5739.01(B), constitutes merely a transfer of "tangible personal property as an inconsequential element [of such personal service transactions], for which no separate charges are made." (Bracketed material *sic.*)

From an examination of the record in the instant cause, it is our conclusion that the true object sought by appel-

lant's customers is the credit information communicated by the report. Although, as a matter of convenience or preference, a written report may be requested, it is the receipt of information which necessarily constitutes the *sine qua non* of the transaction between the consumer reporting agency and the person to whom such information is communicated. Moreover, unlike the taxpayer in *Accountant's Computer Services, supra* (case No. 72-263), appellant prepares and transmits both oral and written credit reports which involve the intellectual and manual skills of the appellant's employees. Records are checked for suits, judgments, liens, bankruptcies and other legal actions. Credit histories are summarized and coded. Pursuant to the Fair Credit Reporting Act, Section 1681 *et seq.*, Title 15, U. S. Code, obsolete information must be excluded, reasonable procedures must be designed to avoid factual inaccuracies, and the credit files must be periodically updated and independently verified. Moreover, in distributing credit reports, the appellant's employees must ascertain the identity of those seeking credit information and their right to receive such reports pursuant to Section 1681(b), Title 15, U. S Code. Failure to perform any of the aforementioned duties exposes the offender to either criminal or civil penalties. Section 1681(r) and (o), Title 15, U. S. Code.

Although the commissioner argues *Citizens Financial Corp.* v. *Kosydar, supra*, and *Federated Department Stores* v. *Kosydar, supra*, controlling in this case, this court disagrees. The principles as set forth in the syllabus of *Accountant's Computer Services, supra*, remain the definitive statement of the law.

The decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

HERBERT, W. BROWN, SWEENEY and LOCHER, JJ., concur.
CELEBREZZE and P. BROWN, JJ., concur in the judgment.