AVCO BROADCASTING CORPORATION, APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Avco Broadcasting Corp. v. Lindley (1978), 53 Ohio St. 2d 64.]

(No. 77-169—Decided February 8, 1978.)

66

*Messrs. Dargusch & Hutchins, Mr. Carlton S. Dargusch* and *Mr. Gerald A. Donahue,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellee.

*Per Curiam.* The issues to be decided are whether the transactions in question are excepted from sales and use taxes under the provisions of R. C. 5739.01(B) which, as pertinent herein, read:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever * * *. Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

It is the conclusion of this court that the taxability of the transactions between appellant and A. C. Nielson Co., the American Research Bureau, C. E. Hooper, Inc., Pulse, Inc., and Broadcast Advertisers Reports, Inc., is governed

by the court's holding in *Credit Bureau* v. *Collins* (1977), 50 Ohio St. 2d 270, 364 N. E. 2d 27. In that cause the Credit Bureau of Miami County, Inc., gathered information on consumer credit which it reported to its customers both orally and in writing. The issue was whether the transfer of the written credit report was excepted from the sales tax pursuant to the provisions of R. C. 5739.01(B).

In the course of the opinion, this court, at page 272, stated:

"In deciding this issue, this court must determine whether the transaction involves an inconsequential transfer of personal property; otherwise, the exception is not available and the entire transaction is taxable. *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120, 298 N. E. 2d 519; *Spray Wax Car Wash* v. *Collins* (1976), 46 Ohio St. 2d 164, 346 N. E. 2d 696; *Federated Department Stores* v. *Kosydar* (1976), 45 Ohio St. 2d 1, 340 N. E. 2d 840; *Citizens Financial Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 148, 331 N. E. 2d 435. In the light of those cases, this court must examine the real object sought by the buyer, *i. e.*, the service *per se* or the property produced by the service, and determine if it was the buyer's object to obtain an act done personally by an individual as an economic service involving either the intellectual or manual personal effort of an individual, or if it was the buyer's object to obtain the saleable end product of some individual's skill."

This court, in *Credit Bureau, supra*, concluded that the transactions were not taxable, and held as follows:

"Where the employees of a consumer credit agency secure, assemble and record credit information from public records and other credit sources, and where a monetary fee is charged to those legally entitled to receive a written communication containing such information, the true object of the transactions is the receipt of the information collected by the employees of the agency; therefore, such written report is an inconsequential element, and such transactions do not constitute sales of tangible personal

property under the provisions of R. C. 5739.01(B)."

In the instant cause, the real object of appellant in its transactions with the rating services was to obtain marketing and advertising information.

As was the case in *Credit Bureau*, the true object of the transactions herein was "the receipt of the information collected by the employees of the agency." The written reports were but inconsequential elements of the transactions; hence, the transactions are not taxable. *Cf. The Andrew Jergens Co.* v. *Kosydar* (1973), 35 Ohio St. 2d 120, 298 N. E. 2d 519 (reported with *Accountant's Computer Services* v. *Kosydar, supra*).

An examination of the transactions in question here between appellant and Associated Press makes it clear to this court that the real object of the appellant in subscribing to the service was to obtain the news information supplied by the service, which could be used in its broadcasting operations. The gathering of the news involves intellectual and manual personal effort on the part of those providing the service and it is the service *per se* which is the real object sought by appellant. The object is not to obtain the saleable end product of an individual's skill. The printed matter which is the end product of the news gathering service is but an inconsequential element of the transaction, the real object of which is to obtain news information. Therefore, the transactions are not taxable.

The decision of the Board of Tax Appeals is unreasonable and unlawful, and it is, therefore, reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, W. BROWN, SWEENEY and LOCHER, JJ., concur.

P. BROWN, J., concurs in the judgment.

CELEBREZZE, J., dissents.