YOUNG ET AL., APPELLEES, *v.*
LINDLEY, TAX COMMR., APPELLANT.

[Cite as Young v. Lindley (1980), 61 Ohio St. 2d 58.]

(No. 79-822—Decided January 16, 1980.)

*Mr. John W. Wheeler,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellant.

*Per Curiam.* According to statutory requisites, this court's responsibility in an appeal from a decision of the Board of Tax Appeals is to determine if that decision is reasonable and lawful. If so, such decision must be affirmed by this court. R. C. 5717.04. Recently, we were faced with the same responsibility in *N. & C. Constr.* v. *Lindley, supra.* In that case we determined that the board decision holding N & G Construction, Inc., a company remarkably similar in its operation to appellees in the instant cause, liable for the R. C. 5749.02 severance tax was unreasonable.

We held, at page 417, "***that the R & F Coal Company, the owner of the coal and contractor for its excavation, is the person who actually severed the coal" for R. C. 5749.02 purposes of imposing the excise tax.

Based on our decision in *N & G Constr.,* v. *Lindley,* the Board of Tax Appeals felt constrained to find appellees not liable for the tax. We are in agreement with the board's determination. *N & G Constr.* is controlling in this matter. The factual pattern in the present case is nearly identical to that in *N & G Constr.* Therefore, this court is of the opinion that the board decision is both reasonable and lawful.

Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., concurs for the reasons stated in his concurring opinion in *N & G Constr., Inc.,* v. *Lindley* (1978), 56 Ohio St. 2d 415, 419.

P. BROWN, J., not participating.