DUN & BRADSTREET, INC., APPELLEE, *v.*
LINDLEY, TAX COMMR., APPELLANT.

(No. 80-1559 — Decided June 3, 1981.)

*Mr. Stanley J. Bowers* and *Ms. Judy Nicely,* for appellee.
*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

POTTER, J.  The decision of the Board of Tax Appeals is affirmed.

Appellant presents the following proposition of law:

"When credit information is provided on an annual subscription basis through credit reference books and individual credit reports which are not the product of independent investigation prompted by each subscriber's inquiry, the same is not a 'personal service' as that term is used in R. C. 5739.01(B) and the transaction is not, therefore, excepted from the definition of 'sale.' "

We find the services provided by Dun & Bradstreet to fall within the personal service exception of R. C. 5739.01(B), and thus excepted from the use tax under R. C. 5741.02(C)(2).*

R. C. 5739.01(B) provides, in pertinent part, as follows:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred,***. Other than as provided in this section, 'sale' or 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of

---

* R. C. 5741.02(C) provides:

"The [use] tax does not apply to***:

"***

"(2) Tangible personal property, the acquisition of which, if made in Ohio, would be a sale not subject to the tax imposed by sections 5739.01 to 5739.31 of the Revised Code."

tangible personal property as an inconsequential element, for which no separate charges are made."

In *Credit Bureau* v. *Collins* (1977), 50 Ohio St. 2d 270, this court considered a similar service as that provided by Dun & Bradstreet and found the service to be within the personal service exception of R. C. 5739.01(B). Credit Bureau of Miami County, Inc., maintained files of consumer credit information on approximately 50,000 persons in Miami County, Ohio. Information in these files was obtained from public records, and from credit applications of consumers. Customers of the credit bureau could contact the credit bureau and receive either an oral or written report on a consumer. The information obtained from these reports was utilized by the customer in deciding whether to grant credit to a consumer.

The Board of Tax Appeals in *Credit Bureau* refused to grant tax exception for the written reports. This court reversed and found that the written reports were excepted under R. C. 5739.01(B), stating in part:

"From an examination of the record in the instant cause, it is our conclusion that the true object sought by appellant's customers is the credit information communicated by the report. Although, as a matter of convenience or preference, a written report may be requested, it is the receipt of information which necessarily constitutes the *sine qua non* of the transaction between the consumer reporting agency and the person to whom such information is communicated.***"

In *Avco Broadcasting Corp.* v. *Lindley* (1978), 53 Ohio St. 2d 64, the issue was whether certain news and wirephoto services and radio and television rating services fell within the personal service exception of R. C. 5739.01(B). This court found *Credit Bureau* v. *Collins, supra,* to be applicable and held, in part, at page 69, as follows:

"As was the case in *Credit Bureau,* the true object of the transactions herein was 'the receipt of the information collected by the employees of the agency.' The written reports were but inconsequential elements of the transactions; hence, the transactions are not taxable. *Cf. The Andrew Jergens Co.* v. *Kosydar* (1973), 35 Ohio St. 2d 120, 298 N.E. 2d 519 (reported with *Accountant's Computer Services* v. *Kosydar, supra*).

"An examination of the transactions in question here between appellant and Associated Press makes it clear to this court that the real object of the appellant in subscribing to the service was to obtain the news information supplied by the service, which could be used in its broadcasting operations. The gathering of the news involves intellectual and manual personal effort on the part of those providing the service and it is the service *per se* which is the real object sought by appellant. The object is not to obtain the saleable end product of an individual's skill. The printed matter which is the end product of the news gathering service is but an inconsequential element of the transaction, the real object of which is to obtain new information. Therefore, the transactions are not taxable."

When we examine the case *sub judice* in light of *Credit Bureau* v. *Collins, supra,* and *Avco Broadcasting Corp.* v. *Lindley, supra,* we find that the true object of Dun & Bradstreet's transactions with Dorcy Cycle concerned the furnishing of information collected by Dun & Bradstreet's employees to Dorcy Cycle. The receipt of the written credit reports and the access to the reference books were inconsequential elements of this service. Dorcy Cycle subscribed to Dun & Bradstreet's services to receive credit information obtained through the personal efforts and expertise of Dun & Bradstreet's employees. Therefore, the services provided by Dun & Bradstreet to Dorcy Cycle fall within the personal service exception of R. C. 5739.01(B).

The decision of the Board of Tax Appeals, being reasonable and lawful, is, therefore, affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, WHITESIDE, LOCHER, HOLMES and C. BROWN, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for P. BROWN, J.

WHITESIDE, J., of the Tenth Appellate District, sitting for SWEENEY, J.