FEDERATED DEPARTMENT STORES, INC., F & R LAZARUS CO. DIVISION, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Federated Department Stores *v.* Lindley (1983), 8 Ohio St. 3d 35.]

(No. 83-147—Decided December 14, 1983.)

36

*Ms. Maryann B. Gall* and *Mr. Matthew T. Fitzsimmons,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James C. Sauer,* for appellant.

CELEBREZZE, C.J. The issue presented is whether the transactions with the advertising agency for the production of taped advertisements and the purchase of radio and television broadcasting time for airing them are exempt from the sales and use taxes.

Federated maintains that the transfer of tangible personal property from the advertising agency is an inconsequential element of the personal service performed and is not taxable under R.C. 5739.01(B). We disagree.

R.C. 5739.01(B) provides in pertinent part that:

"* * * Other than as provided in this section, 'sale' or 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

Thus, the term "sale" for purposes of the sales tax excludes professional and personal services. In *Accountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120 [64 O.O.2d 72], a test was announced for determining whether a transaction may be excepted in these circumstances. The syllabus states in part that:

"1. In determining whether a 'sale' of tangible personal property may be excepted from the sales tax by the last sentence of R.C. 5739.01(B), the proper test is to determine whether the transaction involves a consequential or inconsequential professional, insurance, or personal service. If the service rendered is inconsequential, the exception is not available and the *entire* transaction is taxable. If a consequential service *is* rendered, then it must be ascertained whether the transfer of the tangible personal property was an inconsequential element of the transaction. If so, then none of the consideration paid is taxable.

"2. In determining whether a mixed transaction constitutes a consequential personal service transaction, a distinction must be made as to the *true object* of the transaction contract; that is, is the real object sought by the buyer the service *per se* or the property produced by the service.

"3. Where a transaction is mixed in such a manner that the tangible personal property transferred and the service rendered are distinct conse-

quential elements having a fixed and ascertainable relationship between the value of the property and the value of the service rendered so that both may be separately stated, there exist two separate transactions, and the one attributable to the sale of the tangible personal property is subject to taxation under R.C. 5739.01(B) while the other is not." (Emphasis *sic*.)

Many cases of this court have applied this test:

*Statistical Tabulating Corp.* v. *Lindley* (1983), 3 Ohio St. 3d 23; *May Company* v. *Lindley* (1982), 1 Ohio St. 3d 6; *Financial Computer Services* v. *Lindley* (1982), 70 Ohio St. 2d 243 [24 O.O.3d 336]; *Dun & Bradstreet* v. *Lindley* (1981), 66 Ohio St. 2d 295 [20 O.O.3d 280]; *Fliteways* v. *Lindley* (1981), 65 Ohio St. 2d 21 [19 O.O.3d 219]; *Avco Broadcasting Corp.* v. *Lindley* (1978), 53 Ohio St. 2d 64 [7 O.O.3d 145]; *White Motor Corp.* v. *Kosydar* (1977), 50 Ohio St. 2d 290 [4 O.O.3d 451]; *Credit Bureau* v. *Collins* (1977), 50 Ohio St. 2d 270 [4 O.O.3d 439]; *Miami Citizens National Bank* v. *Lindley* (1977), 50 Ohio St. 2d 249 [4 O.O.3d 427]; *Servi Clean Industries* v. *Collins* (1977), 50 Ohio St. 2d 80 [4 O.O.3d 199]; *Spray Wax Car Wash* v. *Collins* (1976), 46 Ohio St. 2d 164 [75 O.O.2d 205]; *Federated Department Stores* v. *Kosydar* (1976), 45 Ohio St. 2d 1 [74 O.O.2d 1]; *Citizens Financial Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 148 [72 O.O.2d 83]; *United States Shoe Corp.* v. *Kosydar* (1975), 41 Ohio St. 2d 68 [70 O.O.2d 159].

The test has been applied to transactions involving the production of radio and television advertisements by advertising agencies. A similar issue to the case *sub judice* was presented in *United States Shoe Corp.* v. *Kosydar, supra.* This court addressed the question of whether taxpayers' purchases from advertising agencies were excepted from sales taxes under R.C. 5739.01(B). Applying the test, the court stated that if the real object sought by the buyer is property produced by the service and not the service *per se,* the exception must be denied. *Id.* at 73. The exception was denied because the court concluded that the real object of the transaction was to acquire materials to use in advertising.

Subsequently, the test was applied in *Federated Department Stores* v. *Kosydar, supra,* in which the taxpayer argued that the tangible personal property was an inconsequential part of a transaction with an advertising agency for the production of radio and television advertisements and, therefore, the transaction was a personal service and excepted from the sales tax. The court disagreed and held in paragraph one of the syllabus that:

"Where the record indicates that the taxpayer's real object in transactions involving the use of radio and T.V. tapes and films in advertising is to acquire the tapes and films, themselves, then the personal service performed in connection with the production of such advertising compositions is an inconsequential element of the transactions, and the transfer of such compositions is subject to the Ohio sales and use taxes, pursuant to R.C. Chapter 5739."

Federated attempts to distinguish *Federated Department Stores.* However, both cases involve a division of Federated Department Stores, ap-

pellee herein, and a transaction with an advertising agency. The Board of Tax Appeals found that the cases were similar and concluded that "[i]n substance and effect, the work performed by the Byer & Bowman Advertising Agency and the resultant end product of such work was the same as involved in * * * [this] case."

It is well-established that, pursuant to R.C. 5717.04, our review is limited to a determination, based on the record, of the reasonableness and lawfulness of the Board of Tax Appeals' decision. *PPG Industries* v. *Kosydar* (1981), 65 Ohio St. 2d 80 [19 O.O.3d 268]; *Willis* v. *Lindley* (1980), 61 Ohio St. 2d 356 [15 O.O.3d 438]; *Young* v. *Lindley* (1980), 61 Ohio St. 2d 58 [15 O.O.3d 83]; *Federated Department Stores, supra; Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53 [54 O.O.2d 191].

There is sufficient probative evidence in the record that Federated's real object in the transaction was the production and broadcasting of radio and television advertisements, which of necessity included personal service, as an inconsequential element, and, thus, the transaction is subject to Ohio sales and use taxes pursuant to R.C. Chapter 5739. The decision of the Board of Tax Appeals being reasonable and lawful, the judgment of the court of appeals appealed from is reversed.

*Judgment reversed.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.