BRADLEY, Judge.
The issue presented by this appeal is whether the lessee of coal interests, who had contracted with another company to strip mine the coal, was engaged in severing coal from the soil and, thus, was liable for the Alabama coal severance tax. The issue is one of first impression in this state. The Jefferson County Circuit Court held that the extracting company, Burgess Mining and Construction Corporation (Burgess), the corporation hired by the lessee, Black Diamond Coal Company (Black Diamond), did not have to pay the tax. From this judgment the State of Alabama appeals. We affirm the trial court.
The facts are not in dispute. Black Diamond is the lessee of property owned by United States Steel and has exclusive right to mine the land for coal. To this end, Black Diamond entered into a contract with Burgess whereby Burgess was to extract the coal and deliver it by truck to Black Diamond. Burgess possessed the required strip mining license; Black Diamond did not. Burgess was to be paid by the ton of raw coal delivered to Black Diamond. Black Diamond then was solely responsible for processing and marketing the coal.
Under this arrangement Black Diamond paid all of the relevant taxes. On January-22, 1980 the State audited Burgess for the period of from July 1, 1977 until November 30, 1979, and determined that Burgess, not Black Diamond, should have paid the severance taxes during this period. Burgess received a final assessment of $131,511.95 and appealed to the Jefferson County Circuit Court. The circuit court held that Burgess was merely a contractor for Black Diamond and was not responsible for paying the Alabama coal severance tax.
The pertinent Alabama Code statutes are as follows:
Section 40-13-2, Code 1975:
“There is hereby levied ... an excise and privilege tax on every person severing coal within Alabama. This tax shall be paid to the commissioner by every producer who severs coal within Alabama. ...”
Section 40-13-1, Code 1975:
“For the purposes of this chapter, the following terms shall have the respective meanings ascribed to them by this section:

“(4) PRODUCER. Any person engaging in the business of severing coal from the soil within this state.

“(6) SEVER. Cutting, mining, stripping or otherwise taking or removing from the soil within Alabama.”
The State contends that since Burgess is the entity which physically removes the coal from the soil that it is the one liable for the severance tax. Burgess contends that Black Diamond as the owner of the right to extract the coal is the entity the legislature intended to be liable for this tax.
Black Diamond owned the exclusive right to mine and sell the coal. It engaged Burgess to extract the coal from the ground and deliver it to its washers for processing. Black Diamond paid Burgess not for the coal — Black Diamond already owned the coal and therefore did not have to purchase it — but for extracting it. Burgess never owned the coal but merely contracted to extract it.
*97 We believe that the legislature intended for the entity which owns the right to extract the coal to be the one that should pay the severance tax. This is also how the coal industry has interpreted the tax since, here, Black Diamond paid the tax on coal extracted during the period at issue. Also, we find that such an interpretation is required by a reasonable analysis of the pertinent statute. The statute provides that the tax is to be paid “by every producer who severs coal within Alabama.” § 40-13-2, Code 1975. A “producer” is one who is “engaging in the business of severing coal.” § 40-13-1(4), Code 1975. Both Burgess and Black Diamond are “producers” engaged in the coal severing business. But we believe the tax is properly levied on the “producer” which ultimately owns the right to extract the coal. Otherwise, carried to its logical conclusion, the person who will ultimately be liable for the tax is the person who actually operates the machinery or who handles the shovels, since he is the one who physically severs the coal from the soil. We do not believe the legislature intended such a result.
The Supreme Court of Kentucky has examined this issue and, based on statutes which are almost identical to Alabama’s, determined that the entity which owns the right to extract the coal, and not the entity hired to do the actual labor, is the “taxpayer ... engaged in severing coal.” Commonwealth of Kentucky Department of Revenue v. Majestic Collieries Co., 594 S.W.2d 877 (Ky.1980). There, the court held that the extracting entity was merely a tool by which the lessee severed the coal, especially since the lessees arranged for the extraction and the extracting parties were paid on a per-ton basis. We agree. See Whiteside, Taxation, 71 Ky.L.J. 479, 503 (1982).
Ohio has also dealt with who is to pay the severance tax in a similar situation. In construing the Ohio severance tax statutes, which are also remarkably like Alabama’s, the Ohio Supreme Court held that the entity liable for the severance tax was not the entity under contract to sever the coal from the ground; the owner of the severed coal was to pay the tax. N & G Construction, Inc. v. Lindley, 56 Ohio St.2d 415, 384 N.E.2d 704 (1978). Ohio has since reaffirmed its position that the owner of the coal is to pay the severance tax. Young v. Lindley, 61 Ohio St.2d 58, 399 N.E.2d 89 (1980).
Thus, the clear weight of authority among the coal producing states with statutes similar to Alabama’s is in line with the position adopted by this court.
Burgess also wishes this court to rule on whether the severance tax is properly imposed on only coal and not on rock, shale, or other noncoal material. We cannot reach this issue. The State did not raise the issue on its appeal, and Burgess did not raise this issue by a cross appeal. Therefore, the issue is not before this court. Where the appellant does not raise the issue on appeal and there is no cross appeal, the issue is not before the court. See White v. Law, 454 So.2d 515 (Ala.1984).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.