DINE OUT TONIGHT CLUB, INC. *v.* DEPARTMENT OF REVENUE SERVICES
(13572)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS, COVELLO and HULL, JS.

Argued January 31—decision released April 4, 1989

*George C. Hastings,* with whom were *Richard W. Tomeo* and *Raymond T. DeMeo,* for the appellant (plaintiff).

*Edward T. Blair,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, and *Joseph I. Lieberman,* former attorney general, for the appellee (defendant).

CALLAHAN, J. This is a declaratory judgment action brought by the plaintiff Dine Out Tonight Club, Inc., to determine whether it is liable for Connecticut sales taxes on the sale of its membership privileges to Connecticut residents. The facts are either stipulated or undisputed. The plaintiff is a Rhode Island corporation with its sole office and place of business in that state. The plaintiff solicits memberships in its club from Connecticut residents by newspaper and direct mail advertising. In consideration of the payment of a membership fee an applicant receives a membership card that entitles such person to one free meal with the purchase of a second meal of equal or greater value at restaurants that participate in the plaintiff's plan. A member also receives a directory of participating restaurants and supplements to the directory as new restaurants enroll in the plan. At the time this matter was heard in the trial court, approximately 175 restaurants in Connecticut had agreed to participate in the plaintiff's plan and honored its membership card. A participating restaurant receives no remuneration from the plaintiff for furnishing free meals to its members. Restaurants apparently agree to participate in the plan for the exposure it provides them to the dining public.

All a member has to do to obtain the free meal available to club members is to present a membership card where dining. The card is then punched by the restaurateur to whom the card is presented in order to indicate that the club member has exhausted the privilege at that particular restaurant. Memberships in the plaintiff's club are generally for a period of one year, are not transferable, and may be renewed upon the payment of an additional fee.

Prior to January 15, 1985, the defendant department of revenue services did not tax the sale of dining club cards. It did, however, require a restaurant serving a free meal to a club member to collect the sales tax on the value of that meal. On December 20, 1984, the defendant issued Bulletin No. 24 that effectively eliminated the sales tax on free meals as of January 15, 1985. Thereafter, on February 20, 1985, the defendant informed the plaintiff that "the sale of the Dine Out Tonight Club Card [was] a sale of tangible personal property under Chapter 219, [General Statutes § 12-407 (2) (a)]."[1] On January 13, 1986, the defendant in a letter to plaintiff's counsel affirmed its position that the sale of the plaintiff's membership card[2] constituted "the sale of tangible personal property and as such is subject to the Connecticut Sales and Use Tax."

On February 7, 1986, the plaintiff brought this action in the Superior Court wherein it contended that it was not engaged in the sale of tangible personal property and asked the court to render a declaratory judgment to that effect. Subsequently, on September 22, 1986,

---

[1] General Statutes § 12-407 (2) (a) provides in pertinent part: "DEFINITIONS. Whenever used in this chapter . . . .

"(2) 'Sale' and 'selling' mean and include: (a) Any transfer of title, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration . . . ."

[2] The letter mistakenly referred to "coupon books" rather than membership cards.

the defendant issued a revised Bulletin No. 24 that reiterated its position that the value of free meals provided by restaurants involved in plans such as the plaintiff's were not taxable but that sales of dining out cards were taxable. The trial court deferred[3] "to the commissioner's interpretation of 'dining out' cards as tangible personal property" and ruled that the sale of the cards constituted "a sale of tangible personal property within the meaning of Conn. Gen. Stat. § 12-407 (13)[4] and § 12-408."[5] We disagree.

Only the sale of tangible personal property at retail is subject to the imposition of the Connecticut sales tax. General Statutes §§ 12-407 (3)[6] and 12-408; *Interna-*

[3] This issue had not previously been subjected to judicial scrutiny, was not the subject of a legislatively approved regulation and was not a time tested interpretation of the statute. Therefore, the defendant's interpretation of the statute as evidenced by revised Bulletin No. 24 was not entitled to special deference. See *Phelps Dodge Copper Products Co.* v. *Groppo*, 204 Conn. 122, 129–30, 527 A.2d 672 (1987); *Texaco Refining & Marketing Co.* v. *Commissioner*, 202 Conn. 583, 599, 522 A.2d 771 (1987); *Schlumberger Technology Corporation* v. *Dubno*, 202 Conn. 412, 423, 521 A.2d 569 (1987).

[4] General Statutes § 12-407 (13) provides: "DEFINITIONS. Whenever used in this chapter:

* * *

"(13) 'Tangible personal property' means personal property which may be seen, weighed, measured, felt or touched or which is in any other manner perceptible to the senses."

[5] The trial court was relying on General Statutes § 12-408 (1) which states in part: "THE SALES TAX. (1) IMPOSITION AND RATE OF SALES TAX. For the privilege of making any sales as defined in subsection (2) of section 12-407, at retail, in this state for a consideration, a tax is hereby imposed on all retailers a the rate of seven and one-half per cent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail or from the rendering of any services constituting a sale in accordance with subdivision (i) of subsection (2) of section 12-407 . . . ."

[6] General Statutes § 12-407 (3) provides in pertinent part: "DEFINITIONS. Whenever used in this chapter . . . .

"(3) 'Retail sale' or 'sale at retail' means and includes a sale for any purpose other than resale in the regular course of business of tangible personal property or a transfer for a consideration of the occupancy of any room or rooms in a hotel or lodging house for a period of thirty consecu-

*tional Business Machines Corporation* v. *Brown,* 167 Conn. 123, 130, 355 A.2d 236 (1974). Tangible personal property is defined as "personal property which may be seen, weighed, measured, felt or touched or which is in any other manner perceptible to the senses." General Statutes § 12-407 (13). Therefore, if what the plaintiff sells, and what its members purchase, is a membership card and a restaurant directory, the plaintiff is engaged in the retail sale of tangible personal property and its transactions are subject to the imposition of a sales tax. General Statutes § 12-408 (1). The Connecticut sales tax does not, however, extend to the sale of intangible rights. General Statutes §§ 12-407 (3) and 12-408; *International Business Machines Corporation* v. *Brown,* supra. If, therefore, what the plaintiff sells, and what its members purchase, is the intangible right to free meals and knowledge of the restaurants that provide them, the club membership fees are not subject to the imposition of the Connecticut sales tax.[7]

A conclusion as to whether the sales tax is applicable to the plaintiff's membership fees requires a determination of the true object of the transaction between the club and its members. *American Totalisator Co.* v. *Dubno,* 210 Conn. 401, 406, 555 A.2d 414 (1989);

---

tive calendar days or less, or the rendering of any service described in any of the subdivisions of subsection (2) of this section. The delivery in this state of tangible personal property by an owner or former owner thereof or by a factor, if the delivery is to a consumer pursuant to a retail sale made by a retailer not engaged in business in this state, is a retail sale in this state by the person making the delivery. He shall include the retail selling price of the property in his gross receipts."

[7] Because the question posed by this case concerns the imposition of a tax, the taxing statute must be strictly construed against the taxing authority and in favor of the taxpayer. *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 588, 522 A.2d 771 (1987). Further, any ambiguity should be resolved in favor of the taxpayer and against the taxing authority. *Zachs* v. *Groppo,* 207 Conn. 683, 689, 542 A.2d 1145 (1988).

*Columbia Pictures Industries, Inc.* v. *Tax Commissioner,* 176 Conn. 604, 609–10, 410 A.2d 457 (1979); *United Aircraft Corporation* v. *Connelly,* 145 Conn. 176, 184–85, 140 A.2d 486 (1958); *United Aircraft Corporation* v. *O'Connor,* 141 Conn. 530, 537–38, 107 A.2d 398 (1954); *Culligan Water Conditioning* v. *State Board of Equalization,* 17 Cal. 3d 86, 96, 550 P.2d 593, 130 Cal. Rptr. 321 (1976); *Federated Department Stores, Inc.* v. *Lindley,* 8 Ohio St. 3d 35, 37, 456 N.E.2d 1209 (1983); *Accountant's Computer Services, Inc.* v. *Kosydar,* 35 Ohio St. 2d 120, 131–32, 298 N.E.2d 519 (1973). We must therefore ascertain whether the true object of that transaction is to provide club members with a card and a directory or to bestow upon them the intangible right to free meals under specified conditions. See *Columbia Pictures Industries, Inc.* v. *Tax Commissioner,* supra, 607. The determinant is the intention of the parties. *United Aircraft Corporation* v. *O'Connor,* supra. We think that intention is evident. Obviously, prospective club members are not enticed to pay the plaintiff for the prospect of obtaining a card and a directory, items that would be of little or no value without the concomitant right to receive free meals. Conversely, the plaintiff could not expect to stay in business by offering for sale only a card and a directory. Manifestly, the sine qua non of the transaction between the club and its members is the intangible right to receive free meals and access to the knowledge of an expanding list of restaurants that provide them. *United Aircraft Corporation* v. *O'Connor,* supra, 539. The membership card and directory are merely indicia of that intangible right and incidental aids to its exercise. See *White Oak Corporation* v. *Department of Revenue Services,* 198 Conn. 413, 422, 503 A.2d 582 (1986); *United Aircraft Corporation* v. *O'Connor,* supra; *Comptroller* v. *Washington National Arena,* 66 Md. App. 416, 426, 504 A.2d 666 (1986); *Spencer Gifts, Inc.* v. *Taxation Division Direc-*

*tor,* 182 N.J. Super. 179, 200–205, 440 A.2d 104 (1981); *Commerce Union Bank* v. *Tidwell,* 538 S.W.2d 405, 408 (Tenn. 1976). Because the transaction between the plaintiff club and its members is essentially the conveyance of an intangible right to free meals, the plaintiff's membership fees are not subject to the imposition of the Connecticut sales tax.

There is error, the judgment is set aside and the case is remanded to the trial court with direction that judgment be rendered for the plaintiff.

In this opinion the other justices concurred.