[Cite as *Panther II Transp., Inc. v. Seville Bd. of Tax Rev.*, 2012-Ohio-3525.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| PANTHER II TRANSPORTATION, INC. | C.A. No.      11CA0092-M |
| | 11CA0093-M |
| Appellee | |
| | |
| v. | |
| | APPEAL FROM JUDGMENT |
| VILLAGE OF SEVILLE BOARD OF | ENTERED IN THE |
| INCOME TAX REVIEW, et al. | OHIO BOARD OF TAX APPEALS |
| | COUNTY OF MEDINA, OHIO |
| Appellants | CASE No.     2008-M-1247 |

DECISION AND JOURNAL ENTRY

Dated: August 6, 2012

WHITMORE, Presiding Judge.

{¶1} Appellants, the Village of Seville Board of Income Tax Review ("Seville") and Income Tax Administrator Nassim M. Lynch and the Central Collection Agency (collectively, "Central Collection"), now appeal from the judgment of the Ohio Board of Tax Appeals. This Court affirms.

I

{¶2} Plaintiff-Appellee, Panther II Transportation, Inc. ("Panther II"), is a motor vehicle transportation company that leases tractors from owner-operators to haul its trailers for both interstate and intrastate highway travel. As a motor vehicle transportation company, Panther II is subject to the regulation of the Public Utilities Commission of Ohio ("PUCO") and pays an annual state tax for the issuance of a certificate of public convenience. In 2005 and 2006, Panther II also paid a tax on its local net profits to the Village of Seville, the municipality in which it was headquartered.

{¶3}    In March 2007, Panther II filed a refund claim with the Village of Seville for the return of the taxes it paid on its net profits.  Panther II argued that the Village of Seville could not levy a local net profits tax upon it because state law preempted the municipality's tax.  Central Collection, the tax administrator for the Village of Seville, denied Panther II's refund claim.  Panther II appealed Central Collection's final administrative ruling to Seville, which affirmed the administrative ruling and denied Panther II's refund.  Panther II then appealed to the Ohio Board of Tax Appeals.  The Board of Tax Appeals reversed Central Collection's ruling and determined that state law preempted the Village of Seville's local tax against Panther II.

{¶4}    Seville and Central Collection now appeal from the Board of Tax Appeals' decision and collectively raise seven assignments of error for our review.  For ease of analysis, we consolidate the assignments of error.

II

Seville Board's Assignment of Error

THE OHIO BOARD OF TAX APPEALS ERRED IN DETERMINING THAT PLAINTIFF/APPELLEE IS NOT SUBJECT TO MUNICIPAL INCOME TAXATION PURSUANT TO R.C. 4921.25[.]

Central Collection's Assignment of Error Number One

THE OHIO BOARD OF TAX APPEALS' DECISION IS UNREASONABLE AND UNLAWFUL AS A MATTER OF LAW IN HOLDING THAT R.C. 4921.25 PREEMPTS A MUNICIPALITY'S NET PROFITS INCOME TAX AS THAT TAX IS APPLIED TO PANTHER AND OTHER MOTOR TRANSPORTATION COMPANIES DEFINED UNDER R.C. CHAPTER 4921.

Central Collection's Assignment of Error Number Two

THE OHIO BOARD OF TAX APPEALS' DECISION IS UNREASONABLE AND UNLAWFUL AS A MATTER OF LAW IN HOLDING THAT R.C. 4921.25 IS AN AFFIRMATIVE EXPRESS ACT OF THE GENERAL ASSEMBLY UNDER SECTION 13, ARTICLE XVIII OF THE OHIO CONSTITUTION THAT LIMITS AND RESTRICTS A MUNICIPALITY'S POWER TO IMPOSE AN INCOME TAX.

Central Collection's Assignment of Error Number Three

THE OHIO BOARD OF TAX APPEALS' DECISION IS UNREASONABLE AND UNLAWFUL AS A MATTER OF LAW WHERE (A) THE WORD "TAX" HAS DIFFERENT MEANINGS DEPENDING UPON THE CONTEXT IN WHICH THE WORD IS USED; (B) THERE IS A CLEAR DISTINCTION BETWEEN A LICENSE FEE OR TAX EXACTED IN THE EXERCISE OF A MUNICIPALITY'S POLICE POWER AND A TAX LEVIED UNDER ITS TAXING POWER; (C) R.C. 4921.25 ONLY DEALS WITH THE LICENSING AND REGULATION OF MOTOR TRANSPORTATION COMPANIES; (D) THE R.C. 4921.18 TAX IS CLEARLY A LICENSE TAX; AND (E) R.C. 4921.25 THEREFORE DOES NOT PREEMPT A MUNICIPALITY'S RIGHT TO TAX UNDER ITS TAXING POWER.

Central Collection's Assignment of Error Number Four

THE OHIO BOARD OF TAX APPEALS' DECISION IS UNREASONABLE AND UNLAWFUL AS A MATTER OF LAW WHERE THE EXPRESS STATUTORY PROHIBITIONS PREEMPTING THE MUNICIPAL TAX ARE FOUND IN R.C. 718.01(F) (SINCE RECODIFIED AS R.C. 718.01(H)).

Central Collection's Assignment of Error Number Five

THE OHIO BOARD OF TAX APPEALS' DECISION IS UNREASONABLE AND UNLAWFUL AS A MATTER OF LAW WHERE R.C. 718.01(D)(1) CLEARLY PROVIDES THAT "NO MUNICIPAL CORPORATION SHALL EXEMPT FROM A TAX ON INCOME . . . THE NET PROFIT FROM A BUSINESS OR PROFESSION."

Central Collection's Assignment of Error Number Six

THE OHIO BOARD OF TAX APPEALS' DECISION IS UNREASONABLE AND UNLAWFUL AS A MATTER OF LAW WHERE PANTHER DOES NOT OWN THE VEHICLES IT USES BUT INSTEAD UTILIZES OWNER-OPERATORS AND OTHER TRUCKING COMPANIES WHO ACTUALLY ARE RESPONSIBLE FOR PAYING THE R.C. 4921.18 LICENSE FEE.

**{¶5}** In all of the foregoing assignments of error, Seville and Central Collection argue that the Board of Tax Appeals erred by concluding that state law preempts the local net profits tax the Village of Seville levied against Panther II as a motor vehicle transportation company. We do not agree that the Board of Tax Appeals erred in its conclusion.

**{¶6}** Appeals taken from a tax board's decision are governed by Chapter 5717 of the Revised Code. *Elyria City School Dist. Bd. of Edn. v. Ellis*, 9th Dist. No. 07CA009191, 2008-Ohio-4293, ¶ 9. "[P]ursuant to R.C. 5717.04, our review of the [Board of Tax Appeals'] decision is 'limited to a determination, based on the record, of the reasonableness and lawfulness of the Board of Tax Appeals' decision." (Citations omitted.) *Nimon v. Zaino*, 9th Dist. No. 01CA007918, 2002 WL 276775, *1 (Feb. 27, 2002), quoting *Federated Dept. Stores v. Lindley*, 8 Ohio St.3d 35, 38 (1983). This Court will affirm the factual determinations of the Board of Tax Appeals so long as the record contains reliable and probative support for its determination. *Ellis* at ¶ 7. Yet, this Court "will not hesitate to reverse a [Board of Tax Appeals'] decision that is based on an incorrect legal conclusion." *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, ¶ 14, quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232 (2001).

**{¶7}** The Home Rule Amendment embodied in Article XVIII, Section 3 of the Ohio Constitution, permits municipalities to exercise the powers of local self-government, including the power to tax. *Cincinnati Bell Tel. Co. v. Cincinnati*, 81 Ohio St.3d 599, 602 (1998). "[T]he intention of the Home Rule Amendment was to eliminate statutory control over municipalities by the General Assembly." *Id.* at 605. Accordingly, while the General Assembly has the power to restrict a municipality's authority to tax, "a proper exercise of this limiting power requires an express act of restriction by the General Assembly" in the form of "an express statutory limitation." *Id.* at 605-606. A municipality may enact a net profits tax "in the absence of an express statutory prohibition of the exercise of such power by the General Assembly." *Id.* at 601. Where a direct conflict exists between a municipal ordinance and a state law, the state law

will prevail. *Wadsworth v. Stanley*, 9th Dist. Nos. 10CA0004-M, 10CA0005-M, 10CA0006-M & 10CA0007-M, 2010-Ohio-4663, ¶ 17.

{¶8}   At issue in this appeal is the plain language of R.C. 4921.25.  The relevant language of that statute reads:

> The fees and charges provided under section 4921.18 of the Revised Code shall be in addition to taxes, fees, and charges fixed and exacted by other sections of the Revised Code, except the assessments required by section 4905.10 of the Revised Code, but all * * * taxes or other money exactions, except the general property tax, assessed, charged, fixed, or exacted by local authorities such as municipal corporations * * * are illegal and, are superseded by sections 4503.04, 4905.03, and 4921.02 to 4921.32, inclusive, of the Revised Code.  On compliance by such motor transportation company with sections 4503.04, 4905.03, and 4921.02 to 4921.32, inclusive, of the Revised Code, all local ordinances, resolutions, by laws, and rules in force shall cease to be operative as to such company, except that such local subdivisions may make reasonable local police regulations within their respective boundaries not inconsistent with such sections.

R.C. 4921.25.  R.C. 4921.18 governs the specific monetary sum a motor transportation company must annually pay to PUCO to receive its certificate of public convenience; a document necessary for the use of any motor vehicle or truck operated by the company in the state.  By virtue of R.C. 4921.25's plain language, a motor transportation company's annual payment for its certificate of public convenience does not absolve it from the payment of other applicable state taxes, fees, and charges.  Its status as a motor transportation company, however, subjects it to all the laws and regulations set forth by PUCO.  Former R.C. 4905.03(A)(3); R.C. 4905.03(A)(2); R.C. 4921.01(D); R.C. 4921.02(A).  R.C. 4921.25 specifically provides that PUCO's provisions supersede any tax a municipal corporation might wish to impose, with the exception of the general property tax.  Any tax, other than the general property tax, is "illegal." R.C. 4921.25.  Therefore, a motor transportation company that is subject to PUCO's laws and remains compliant with its statutory obligations is not subject to the taxes or laws of a municipal corporation, other than those specifically allowed by statute.  *Id.* (exempting motor transportation

company from all taxes, except the general property tax, and all laws, except reasonable local police regulations). *Accord Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 44 (9th Dist.1995) ("[L]ocal subdivisions may make reasonable local police regulations relating to motor transportation companies so long as the local regulations are not inconsistent with the authority of [] PUCO.").

{¶9} In support of their argument that the General Assembly did not expressly restrict municipalities from taxing the net profits of a motor transportation company, Seville and Central Collection first point to R.C. 718.01. That statute contains several provisions regarding the taxing power of municipal corporations. It provides that "[e]xcept as otherwise provided in this section, no municipal corporation shall exempt from a tax on income compensation * * * the net profit from a business." R.C. 718.01(D)(1). The statute then goes on to provide a list of compensations and incomes that municipal corporations shall not tax. R.C. 718.01(H); Former R.C. 718.01(F). Seville and Central Collection argue that, because the net profits of a motor transportation company do not appear on the list of exempted items, Panther II's net profits are not exempted from taxation and R.C. 718.01(D)(1) actually requires the Village of Seville to tax Panther II. Although R.C. 718.01 does contain a specific list of exemptions to the taxing authority of a municipal corporation, it also provides that "[n]othing in this section * * * shall authorize the levy of any tax on income that a municipal corporation is not authorized to levy under existing laws * * *." R.C. 718.01(J); Former R.C. 718.01(H). The statute recognizes that its list of non-taxable compensations and incomes is not exhaustive and other existing laws may void a municipality's taxing power. Accordingly, we are not persuaded that Seville had the authority to tax Panther II simply because Panther II's net profits are not per se exempted from taxation under R.C. 718.01.

{¶10} The primary position of Seville and Central Collection is that when the General Assembly used the word "tax" in R.C. 4921.25 it was not referring to an income tax. Instead, they argue that the tax references in R.C. 4921.25 pertain to license and regulatory fees and charges. Seville and Central Collection point to R.C. 4921.18, which also uses the word "tax," but which in actuality is a flat licensing fee unrelated to profit or income. Seville and Central Collection posit that the General Assembly's intent in enacting R.C. 4921.25 was only to expressly prohibit municipalities from imposing any additional licensing or regulatory taxes upon motor transportation companies beyond those already imposed by PUCO. As such, they argue, R.C. 4921.25 does not prohibit Seville from taxing Panther II's net profits. The plain language of R.C. 4921.25 does not support Seville and Central Collection's argument.

{¶11} In prohibiting municipal corporations from assessing, charging, fixing or exacting taxes from motor transportation companies, R.C. 4921.25 specifically refers to "all fees, license fees, annual payments, license taxes, or taxes or other money exactions." R.C. 4921.25. Had the General Assembly intended the word "tax" to mean license fees or charges, it would not have been necessary to separately prohibit the imposition of "license fees" and "license taxes" in addition to "taxes." *See Leasure v. Adena Local School Dist.*, 9th Dist. No. 11CA3249, 2012-Ohio-3071, ¶ 17 ("To determine legislative intent, a court must first look to the words used in the statute."). The statute plainly applies to "all * * * taxes." More importantly, the statute exempts general property taxes from its ban on municipal tax. General property taxes are not simply license and regulatory fees and charges. If the General Assembly had intended R.C. 4921.25 only to exempt municipalities from imposing additional licensing or regulatory taxes, it would not have been necessary to exempt general property taxes from R.C. 4921.25's application. Lastly, the fact that the General Assembly exempted general property taxes and not net profits

taxes is telling. "Under the general rule of statutory construction *expressio unius est exclusio alterius*, the expression of one or more items of a class implies that those not identified are to be excluded." *In re Estate of Horton*, 9th Dist. Nos. 20695 & 20741, 2002 WL 465428, *3 (Mar. 27, 2002), quoting *State v. Droste*, 83 Ohio St.3d 36, 39 (1998). The General Assembly specifically chose to exempt general property taxes from its express statutory prohibition on "all * * * taxes" in R.C. 4921.25. Had the General Assembly wished to exempt other taxes in addition to general property taxes, it certainly could have done so. We agree with the conclusion of the Board of Tax Appeals that R.C. 4921.25 prohibits the Village of Seville from taxing Panther II's net profits under the doctrine of express preemption. Consequently, all of the assignments of error raised by Seville and Central Collection lack merit.

### III

{¶12} Seville and Central Collection's assignments of error are overruled. The judgment of the Board of Tax Appeals is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

THEODORE J. LESIAK, Attorney at Law, for Appellant.

BARBARA A. LANGHENRY, Interim Director of Law, and LINDA L. BICKERSTAFF, Assistant Director of Law, for Appellants.

JAMES F. LANG and N. TREVOR ALEXANDER, Attorneys at Law, for Appellee.